IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>LAWRENCE ALLEN DESHETLER,<br>                Defendant. | No. 1:17-CR-73 (1) |

**REPORT AND RECOMMENDATION DENYING DEFENDANT'S *PRO SE* MOTION**

Pending, on reference from the District Court for recommended disposition, is the Defendant, Lawrence Allen Deshetler's, *Pro Se Motion Relief of Increased Restitution* (Doc. #25). The undersigned has reviewed the Defendant's request and recommends denying the motion.

I.    Background

Deshetler pleaded guilty to Count One of the Indictment on June 8, 2017, which charged him with a violation of 18 U.S.C. 1341 (Mail Fraud). He was sentenced to a term of 60 months in prison, to run concurrently to the state sentence imposed in his Theft of Property Charge (Case No. 16-08-09845, Montgomery County), and a three year term of supervised release. (Doc. #23.) The District Court also ordered criminal monetary penalties (restitution) in the amount of $926,809.18, "due immediately."[1] (*Id.*) Deshetler did not appeal his conviction or the sentence imposed. During his incarceration, Deshetler participated in the Inmate Financial Responsibility Program and agreed to pay restitution in the amount of $25 per quarter. (Doc. #28, p. 2.) He was released from federal custody on November 25, 2020, and began paying restitution in the

---

[1]    The judgment states that "the defendant does not have the ability to pay interest and it is ordered that: the interested requirement is waived." (*Id.*)

1

amount of $50 per month. (*Id.*) In his motion, Deshetler represents that he has seen a $445.10 deduction from his monthly Social Security benefit payment to offset his restitution obligation, which is "an extreme amount of restitution" because he lives "on Social Security only," is 71 years old, and has no other income. (Doc. #25, p. 1.) Consequently, he seeks relief from the court.

The Government represents that on November 7, 2017, the Financial Litigation Unit of the United States Attorney's Office entered Deshetler in the Treasury Offset Program ("TOP") to enforce the restitution judgment. (Doc. #28, p. 2.) TOP is a federal program authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996, which permits the Treasury Department to collect delinquent debts owed to federal agencies. *See* 31 U.S.C. § 3716. Under TOP, "Congress has subjected to offset all 'funds payable by the United States,' § 3701(a)(1), to an individual who owes certain delinquent federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Under this program, Social Security benefits are eligible for offset. *Lockhart v. United States*, 546 U.S. 142, 145 (2005); *see also* 31 U.S.C. § 3716(c)(3)(A)(i). However, an offset to a defendant's Social Security benefits cannot exceed 15% of the monthly covered benefit payment. 31 C.F.R. § 285.4(e).

The Government further represents that Deshetler "was sent a notice of intent to offset, informing him that any nonexempt federal payments would be subject to offset against his criminal debt," and that "[s]ixty days after the TOP notice was sent, Defendant's liability was added to TOP." (Doc. #28, p. 2.)

## II. Legal Authority

The Mandatory Victims Restitution Act ("MVRA") requires a sentencing court to order defendants to pay full restitution to their victims. *See* 18 U.S.C §§ 3663A-3664. Additionally, the MVRA makes civil remedies available to the government for collecting unpaid restitution judgments. *See* 18 U.S.C. §§ 3613(f), 3664(m)(1)(A). Section 3613(a) further provides that the Government may enforce a judgment under the MVRA using all practices and procedures available for the enforcement of a civil judgment and that this judgment "may be enforced against all property or rights to property of the person fined." "The practice of withholding federal payment in satisfaction of a debt is known as administrative offset." *Reeves v. Astrue*, 526 F.3d 732, 738 n. 3 (11th Cir. 2008).

In support of his motion, Deshetler relies on *United States v. Taylor*, No. CR 06-658-03, 2021 WL 3051901 (E.D. Pa. July 20, 2021).[2] In *Taylor*, the defendant was ordered to make restitution payments according to an installment plan of $100 per month, which she did. Despite her faithful installment payments, the Government moved to withhold payment from her social security benefits to satisfy her restitution obligation. The court determined that because Taylor was current on all court-ordered installment payments, she did not owe a "federal debt" for the purpose of applying TOP. Ultimately, the court held that TOP was not an availing remedy to collect unpaid restitution from Taylor's social security benefits and sustained her objection to the TOP deduction, explaining:

> Courts that have ordered a defendant to pay restitution according to a payment plan and have not ordered the entire amount of restitution to be paid immediately, have routinely held that the government may not collect on the full amount of restitution owed when a defendant is in full compliance with the payment plan.

---

[2] District courts from other circuits are not binding authority. *See Salazar v. Dretke,* 419 F.3d 384, 404 (5th Cir. 2005).

*Taylor*, 2021 WL 3051901, *11. Although Taylor's judgment indicated that restitution "payment is due immediately," the court found that such language did not mean that the full amount of the restitution award was immediately due. In fact, the court, referring to 18 U.S.C.A. § 3572(d)(1), stated, "[t]his subsection provides that the full payment of restitution is not due immediately if a court establishes a payment plan for restitution." *Id.* at *13. *See also United States v. Hughes*, 813 F.3d 1007, 1010-11 (D.C. Cir. 2016) (finding that the use of TOP to offset the defendant's tax refunds was improper because the defendant was complying with the terms of the restitution order, and her restitution obligation was therefore not delinquent); *United States v. Martinez*, 812 F.3d 1200, 1205 (10th Cir. 2015) (finding, in context of garnishment proceeding, that "an installment-based restitution order does not render the total restitution amount due immediately," and, therefore, "a defendant subject to an installment-based restitution order need only make payments at the intervals and in the amounts specified by the order). However, the court in *Taylor* carefully defined a "crucial distinction" between cases where the defendant was ordered to pay pursuant to payment schedule—and cases like Deshetler's, where the restitution amount was ordered to be paid in full *immediately* without a defined payment plan. *Taylor,* 2021 WL 3051901, at *5. Because Deshetler's restitution debt was ordered to be paid immediately and not pursuant to a defined payment plan, his reliance on *Taylor* is misplaced.

In addressing this issue, the Fifth Circuit has reached contradictory conclusions. *See United States v. Hughes,* 914 F.3d 947, 949 (5th Cir. 2019) ("When a restitution order specifies an installment plan, unless there is language directing that the funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan."); *but s*ee *United States v.*

4

*Rand,* 924 F.3d 140, 142 (5th Cir. 2021) (per curiam) (holding that the Government could independently enforce restitution obligation even where defendant had been directed to pay in installments); *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (per curiam) (defendant required to pay restitution in installments but Government could enforce lien because MVRA allowed for independent enforcement and restitution order did not prohibit such independent enforcement of restitution obligation).

### III.   Analysis

Here, the judgment required that Deshetler's restitution obligation was "due immediately." The judgment did not explicitly allow nor establish a schedule for installment payments. Therefore, Deshetler's reliance on *Taylor* (or even the Fifth Circuit's holding in *Hughes*) is misplaced. Instead, the Government is authorized under the MVRA to enforce victim restitution orders in the same manner that it recovers fines and by all other available means, and it may collect restitution in accordance with the practices and procedures for the enforcement of a civil judgment under federal law or state law, including the Federal Debt Collection Procedures Act. As such, the Government is authorized under the MVRA to seek immediate payment through administrative offset of Deshetler's Social Security benefits. *Ekong,* 518 F.3d at 286 (noting that immediate garnishment was allowed when there was "nothing in the criminal judgment to the contrary"); *see also Stacy v. United States*, No. 19-cr-01, 2022 WL 832603 (N.D. Ill. Mar. 21, 2022) (rejecting challenge to administrative offset even though the criminal defendant appeared to be complying with the installment plan contained in his restitution order); *United States v. Weissenbach*, No. 3:08-cr-172-1, 2010 WL 2246177, at *2 (W.D.N.C. June 2, 2010) ("TOP offsets are not part of any court payment schedule, but are instead part of the government's collection activities. There is no statute that prohibits the United States from

conducting such collection activity once the restitution order is imposed, even where there is no payment default or where the Court has established a payment schedule."); *Greene v. United States*, 124 Fed. Cl. 636, 644 (2015) ("[T]he establishment of a payment schedule does not preclude the government from undertaking collection activity, such as referral of a debt to the TOP for offset.").

## IV.   Conclusion

The MVRA gives the Government broad authority to enforce a criminal restitution order. *See* 18 U.S.C. §§ 3613(a), (f); *see also Ekong*, 518 F.3d at 286 (holding that the Government is required by MVRA to enforce restitution orders "aggressively"). The Government has established that the administrative offset of Deshetler's Social Security benefits to satisfy his restitution obligation is proper, and the Defendant has failed to advance any viable theory to the contrary. Accordingly, the undersigned recommends denying the *Pro Se Motion for Relief of Increased Restitution* (Doc. #25).

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2); E.D. Tex. Crim. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge